UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CINDY HIETT, et al.,

               Plaintiffs,

    v.

MHN GOVERNMENT SERVICES,
INC., et al.,

               Defendants.

CASE NO. C12-5428 BHS

ORDER DENYING
DEFENDANTS' MOTION TO
LIFT STAY AND TO TRANFER
VENUE AND GRANTING
PLAINTIFFS' MOTION TO
MAINTAIN STAY

This matter comes before the Court on MHN Government Services, Inc. and MHN

Services' (collectively, Defendants) motion for relief from stay and for an order

transferring venue (Dkt. 34); and Plaintiffs' motion to maintain litigation stay, or

alternatively, to continue Defendants' motion for relief from stay (Dkt. 39). The Court

has considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file.  For the reasons stated herein, the Court denies Defendants' motion

and grants Plaintiffs' motion.

## I. PROCEDURAL & FACTUAL BACKGROUND

On May 3, 2011, Plaintiffs filed a first amended complaint in Pierce County

Superior Court for the State of Washington.  Dkt. 1 at 15–23.  Plaintiffs alleged state law

wage claims on behalf of themselves and a proposed class. *Id.* Defendants removed the case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and Plaintiffs voluntarily dismissed the complaint. *See Brown v. MHN Gov't Servs., Inc.*, Cause No. 3:11-cv-05400BHS (W.D. Wash. 2011).

On June 14, 2011, Plaintiffs filed a new complaint in Pierce County Superior Court for the State of Washington, *Brown, et al. v. MHN Government Services, Inc.*, Pierce County Cause No. 11-2-08582-7 ("*Brown*"). On May 15, 2012, Plaintiffs and twelve other named plaintiffs filed a complaint in the instant action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the California Labor Code § 226.8. Then, on June 12, 2012, Defendants removed *Brown* to this Court. Dkt. 1, *Brown v. MHN Gov't Servs., Inc.*, Cause No. 3:12-cv-05513BHS (W.D. Wash. 2012). Plaintiffs alleged state law wage claims on behalf of themselves and a proposed class. *Id.* Plaintiffs also alleged, however, that the value of all claims asserted is less than $5,000,000. *Id.* at 32. On September 4, 2012, the Court granted Plaintiffs' motion to remand and declined to consider Defendants' motion to consolidate *Brown* with this case. Dkt. 28.

On July 12, 2012, Defendants filed a motion to compel arbitration and stay proceedings pending arbitration in the instant action. Dkt. 9. On October 9, 2012 the Court stayed this case because the Pierce County Superior Court had decided the identical issue raised by the Defendants' motion to compel arbitration and stay proceedings in *Brown* and denied their motion. Dkt. 26. Defendants appealed the superior court's decision to the Washington Court of Appeals. Dkt. 26. The appeal was

ORDER - 2

1  subsequently certified to the Washington State Supreme Court, where *Brown* is now

2  pending with oral argument set for March 12, 1013.  *See* Dkt. 43 at 11.

3      On October 11, 2012, Plaintiffs filed a motion for a limited lift of the stay to notify

4  the putative collective class of this action.  Dkt. 27.  Defendants opposed the motion.  The

5  Court found that it would not be in the interests of justice to lift the stay and denied the

6  motion.  Dkt. 33.

7      On January 9, 2013, Defendants filed the instant motion to lift the stay and to

8  transfer venue to the U.S. District Court for the Northern District of California

9  ("California District Court"), where a substantially similar case, *Zaborowski v. MHN*

10 *Gov't Service, Inc.*, Case No. 3:12-cv-5109-SI, was filed on October 2, 2012.  Dkts. 34 &

11 35 at 2.  On January 22, 2013, Plaintiffs responded in opposition to Defendants' motion.

12 Dkt. 45. On January 25, 2013, Defendants filed a reply. Dkt. 51.

13     While Defendants are pursuing their motion to lift the stay and transfer venue, on

14 January 10, 2013, Plaintiffs filed a separate motion seeking to maintain the litigation stay

15 or, alternatively, to continue MHN's motion for relief from stay pending the Honorable

16 Susan Illston's, District Judge for the California District Court, ruling in *Zabrowski* on

17 Defendants' motion to compel arbitration.  Dkt. 39.  On January 16, 2013, Defendants

18 responded in opposition to Plaintiffs' motion.  Dkt. 40.  On January 17, 2013, Plaintiffs

19 filed a reply.  Dkt. 43.  On January 23, 2013, Defendants filed a notice informing the

20 Court that Judge Illston deferred her ruling on Defendants' motion to compel arbitration

21 until this Court decided the transfer motion in this case.  Dkt. 44 at 5.

22

**II. DISCUSSION**

"The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936).  Accordingly, federal district courts have broad discretion to stay proceedings in the interests of justice.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

While the Court understands that *Zabrowski* was filed after this action and neither party disputes the substantial similarity between the two cases, at this stage, lifting the stay on this case to transfer venue is not presently in the interests of justice.  In coming to this conclusion, the Court is mindful that if *Zabrowski* proceeds forward in the California District Court, then a risk of inconsistent rulings arises, as Defendants seek to have that court decide the very same issue that is now before Washington State Supreme Court in *Brown*, an issue which will be before this Court again once *Brown* is decided. Effectively, Defendants will have been given three, or now perhaps four, attempts before different courts of competent jurisdiction to obtain their desired outcome and to proceed before an arbitrator.  Though Defendants dispute that they are forum shopping, they waited until four months after *Zabrowski* was filed to make their motion to lift the stay.

The California District Court has the authority to decide whether to compel arbitration in *Zabrowski*, stay the case until this Court decides whether to compel arbitration in this case, or determine that some other course of action is appropriate.

At this junction, this Court finds that maintaining the stay is in the interests of justice.  Granting the motion to lift the stay would undermine the purpose for which it

ORDER - 4

1   was originally granted, to permit Washington State Supreme Court to render a decision in

2   *Brown* on what Defendants have argued is an identical issue to the one in this case.  The

3   Court takes notice of the fact that the Washington State Supreme Court is a competent

4   court and finds that awaiting its decision in *Brown* furthers the goal of efficiency for both

5   the judiciary and litigants.  Therefore, the Court finds no need to complete a venue

6   transfer analysis at present.  Nonetheless, once the issues in *Brown* and a renewed motion

7   to compel arbitration are before this Court, Defendants may renew their motion to

8   transfer venue.

9                                    **III. ORDER**

10          Therefore, it is hereby **ORDERED** that Defendants' motion to lift the litigation

11   stay is **DENIED with prejudice**, and their motion to transfer venue is **DENIED without**

12   **prejudice**.  Dkt. 34.  Plaintiffs' motion to maintain the stay is **GRANTED** (Dkt. 39).

13          Dated this 13th day of February, 2013.

14

15

16                                    BENJAMIN H. SETTLE
                                     United States District Judge
17

18

19

20

21

22